IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROBERT LOUIS STRAWHACKER, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:07-CV-117-A |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Robert Louis Strawhacker, TDCJ #655439, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), in Amarillo, Texas.

Respondent Nathaniel Quarterman is the Director of the TDCJ.

### C. FACTUAL AND PROCEDURAL HISTORY

Strawhacker is serving two twenty-year sentences on his 1993 state court convictions for aggravated sexual assault of a child under fourteen in the Criminal District Court Number Four of

Tarrant County, Texas, Case Nos. 0412490D & 0506428R. (State Habeas R. at 12.) *See* TDCJ, Offender Information Detail, *available at* http://www.tdcj.state.tx.us/offender_information. In this petition, Strawhacker challenges TDCJ's calculation of his sentence and the constitutionality of state statutory provisions. Strawhacker pursued state habeas relief to no avail. *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004); TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005). Strawhacker filed this petition on February 6, 2007. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (providing pro se habeas petition filed when petition is delivered to prison authorities for mailing).

### D. ISSUES

In two grounds, Strawhacker (1) complains that TDCJ is not applying his good and work time credits to "lessen his incarceration" and (2) challenges the constitutionality of Senate Bills 34 and 35. (Petition at 7.)

### E. RULE 5 STATEMENT

Quarterman believes that Strawhacker has sufficiently exhausted his state remedies as to his first claim but asserts that his second claim is unexhausted and procedurally barred. (Resp't Answer at 3-5.)

### F. EXHAUSTION

Under the federal exhaustion requirement, a habeas petitioner must have fairly presented the substance of his federal claim to the highest court of the state. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Accordingly, a Texas prisoner may satisfy the exhaustion requirement by presenting the legal and factual basis of a claim to the Texas Court of Criminal Appeals in either a petition for

discretionary review or, as in this case, a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).

In his state habeas application, Strawhacker challenged the constitutionality of Senate Bill 37 (Texas's statutory instructions to the jury on parole and good conduct time). (State Habeas R. at 3.) TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4 (Vernon 2006). In this federal action, Strawhacker appears to challenge the constitutionality of Senate Bills 34 and 35. (Petition at 7 & Pet'r Memorandum in Support.) To satisfy the exhaustion requirement, a petitioner must rely upon the same factual and legal theories in support of a claim. Because Strawhacker did not raise his second claim in his state habeas application, the claim is unexhausted. *See Baldwin v. Reese*, 514 U.S. 27, 32 (2004). Under the Texas abuse-of-the-writ doctrine, however, Strawhacker cannot now return to state court for purposes of exhausting the claim. *See id.* art. 11.07, § 4. The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, Strawhacker's second claim is procedurally barred from this court's review. *See Smith v. Johnson*, 216 F.3d 521, 523- 24 (5th Cir. 2000).

## G. DISCUSSION

Strawhacker's claim that TDCJ is improperly computing his sentence is meritless. Strawhacker appears to believe that his good and work time credits apply to his sentence like calendar time and his sentence may be discharged in a shorter period of time because of the application of those time credits. Texas law specifically prohibits such an application of those time

3

credits.  *Ex Parte Hallmark* 883 S.W.2d 672, 674 (Tex. Crim. App. 1994); *Palmer v. Texas Bd. of Paroles*, 89 Fed. Appx. 857 (5th Cir. Dec. 10, 2003) (not selected for publication in the Federal Reporter).  Instead, good and work time credits do not reduce an inmate's sentence but relate only to eligibility for early release.  *See* TEX. GOV'T CODE ANN. § 498.003(a) (Vernon 2004).

Strawhacker has not demonstrated a violation of a federal constitutional right and is not entitled to federal habeas relief.

## II.  RECOMMENDATION

It is recommended that Strawhacker's petition for writ of habeas corpus be DENIED.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 11, 2008.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 11, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 21, 2007.

       /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE